United States District Court
Southern District of Texas
**ENTERED**
August 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARLIN VENTURA-ROSAS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-345 |
| | § | |
| DAVID COLE[1] *et al.* | § | |

# ORDER

Before the Court is Respondents' Motion to Dismiss for lack of subject matter jurisdiction (Dkt. No. 11). Respondents advised that Petitioner has been removed from the United States, rendering his habeas action moot (*see* Dkt. No. 11 at 1). The Court agrees.

"Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (quoting *Ctr. for Individual Freedom v. Carmouche,* 449 F.3d 655, 661 (5th Cir. 2006)). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Id.* (citing *In re Scruggs,* 392 F.3d 124, 128 (5th Cir. 2004)). Essentially, mootness divests the court's subject matter jurisdiction, allowing the court to dismiss a case on its own initiative if jurisdiction is lacking. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 762 F. Supp. 3d 552, 560 (S.D. Tex. 2024) (Garcia Marmolejo, J.).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

In the immigration context, a constitutional challenge to the length of pre-removal detention is mooted by an undocumented alien's removal from the United States. *Francis v. Lynch*, 622 F. App'x 455, 455 (5th Cir. 2015); *Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003) (unpublished table decision); *Rubio Tercero v. Patterson*, No. 6:26-CV-02495 SEC P, 2026 WL 2175616, at *1 (W.D. La. July 28, 2026). That is the exact scenario as present here; Petitioner solely contested the length of his detention, not his underlying removal order. As he "is no longer detained and has been removed from the United States, his challenge is now moot." *Francis*, 622 F. App'x at 455.

Accordingly, Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Rubio Tercero*, 2026 WL 2175616, at *1. Respondents' Motion to Dismiss (Dkt. No. 11) is **GRANTED**. Respondents' Motion for Summary Judgment (Dkt. No. 6) is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

It is so **ORDERED**.

**SIGNED** August 14, 2026.

Marina Garcia Marmolejo
United States District Judge